UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
THOMAS JAMES CLAUSO,                :
                                    :
        Petitioner,                 :   Civ. No. 20-5521 (NLH)
                                    :
   v.                               :   OPINION
                                    :
THE ATTORNEY GENERAL OF THE         :
STATE OF NEW JERSEY, et al.,        :
                                    :
        Respondents.                :
_____ :

APPEARANCE:

Thomas James Clauso
59252/000008532A
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Thomas James Clauso seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See ECF No. 1 (petition).

Filing Fee

    The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petitioner must submit (a) an

affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  L. Civ. R. 81.2(c).

    Petitioner has not submitted the filing fee or an in forma pauperis application.  Petitioner must either submit the $5 filing fee or a complete application to proceed in forma pauperis for his habeas petition to be considered.

Conclusion

    For the reason set forth above, the Clerk of Court will be ordered to administratively terminate this Petition without prejudice.[1]  Petitioner will be granted leave to apply to re-open

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

2

within thirty (30) days, by paying the filing fee of $5.00 or submitting a complete in forma pauperis application.  An appropriate Order will be entered.


Dated:  May 6, 2020                s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.