UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
THOMAS JAMES CLAUSO,                :
                                    :
        Petitioner,                 :   Civ. No. 20-5521 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN, et al,                      :
                                    :
        Respondents.                :
_____:

APPEARANCES:

Thomas James Clauso
59252/000008532A
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Thomas James Clauso, a prisoner presently confined in South Woods State Prison, New Jersey, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 requesting release from prison due to the COVID-19 pandemic. ECF No. 1. For the reasons that follow, the Court will dismiss the petition without prejudice.

I.  BACKGROUND

    In 1988, Petitioner was convicted of attempted murder, unlawful possession of a handgun, possession of a weapon for an unlawful purpose, and aggravated assault by a jury in the Superior Court of New Jersey, Law Division, Camden County.  For

background purposes, the Court adopts and recites the history of Petitioner's criminal case as set forth in the opinion dismissing his prior habeas corpus petition:

> The Law Division sentenced Petitioner to an extended term of life in prison with a 25-year period of parole ineligibility for attempted murder, a consecutive five-year term, with a two-and-one-half-year period of parole ineligibility, for aggravated assault, and concurrent five and 10-year terms for the weapons charges. Petitioner appealed, and on March 10, 1992, the Superior Court of New Jersey, Appellate Division, affirmed the convictions, but remanded for reconsideration of the imposition of consecutive terms.  The Supreme Court of New Jersey granted certification and summarily remanded to the Appellate Division for reconsideration . . . . After reconsidering the issue, the Appellate Division affirmed.  On April 8, 1993, the Supreme Court of New Jersey denied certification.

Clauso v. Hendricks, No. 03-3090 (D.N.J. Oct. 31, 2005) (ECF No. 17 at 2) (internal citations omitted); see also State v. Clauso, 627 A.2d 1136 (N.J. 1993) (table); State v. Clauso, No. A-1008-88 5 (N.J. Super. Ct. App. Div. Sept. 16, 1992).[1]

On May 4, 2020, Petitioner filed the current petition arguing that he should be released from custody because of the COVID-19 pandemic.  ECF No. 1.  "I am 72 years old have 40 years

---

[1] Although Petitioner already filed a § 2254 petition in this Court, Clauso v. Hendricks, No. 03-3090 (D.N.J. Oct. 31, 2005), "a subsequent petition that challenges the administration of a sentence is clearly not a 'second or successive' petition within the meaning of § 2244 if the claim had not arisen or could not have been raised at the time of the prior petition." Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005).  Petitioner's challenge to the execution of his sentence during the COVID-19 pandemic could not have been raised in his earlier petition.

2

in prison on this charges.  I was not sentenced to death.  I am in a 4 man cell on top of each other Bunk Beds half the guards do not wear masks."  Id. at 5.  "I wish to be brought to US Court for [evidentiary] hearing.  I have a right to speak for myself and others in the same position. . . . There is no reason to keep anyone in prison who is not rape child, molester, arsonist, murder its just a fact, and you know it."  Id.

II. DISCUSSION

    A.  Legal Standard

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant.  The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

    Section 2254(a) of Title 28 provides in relevant part:

> (a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."  28 U.S.C. § 2254 Rule 4.

B.  Analysis

Section 2254 contains a mandatory exhaustion requirement. "Even where a state habeas petitioner is seeking to attack the execution, rather than validity, of his sentence, he is still required to exhaust all of his state court remedies before filing a habeas petition . . ., and the petitioner bears the burden of establishing that he has met this requirement." Rapeika v. Adm'r N. State Prison, No. 20-5358, 2020 WL 2092790, at *1 (D.N.J. May 1, 2020) (citing Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001)).  There are two narrow exceptions to the exhaustion rule: (1) if "there is an absence of State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i); or (2) if "circumstances exist that render such process ineffective to protect the rights of the applicant," id. § 2254(b)(1)(B)(ii).

Petitioner does not allege that he sought relief in the state courts and was denied, nor does he satisfy the "inadequate process" exception.  His general allegation that the courts have not responded to his various petitions over the years is inadequate to show that the state courts are ineffective or

4

otherwise unavailable to him for this specific claim.  28 U.S.C. § 2254(b)(1); see also ECF No. 1 at 13-14.

Additionally, "[e]ven if this Court were to assume that a conditions of confinement claim could serve as a basis for release given the extraordinary circumstances surrounding the COVID-19 pandemic, a finding this Court does not and need not make, Petitioner's claim would still fail to make out a prima facie case for relief."  Rapeika, 2020 WL 2092790, at *2 (internal citations omitted).  "There are two types of conditions of confinement claim implicated by a claim such as Petitioner's alleging that his detention during the COVID-19 crisis amounts to a constitutional violation – a general conditions of confinement claim, and a claim asserting that prison officials have been deliberately indifferent to the petitioner's medical needs."  Id.  Petitioner has not satisfied either standard.

The petition contains little in the way of actual facts and mainly consists of rants against various political figures.  The relevant portions of the complaint allege that Petitioner is 72 years old and that he has "no real cleaning materials," is "in a 4 man cell," and "half of the guards do not wear masks."  ECF No. 1 at 5.  These limited facts do not support a claim that Petitioner is being denied "''the minimal civilized measure of life's necessities'" that is necessary "to form the basis of an

5

Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S 337 (1981)) (internal citations omitted).  Petitioner also "fails to plead anything indicative of the mental state of the prison officials, and certainly has pled no facts which would in any way suggest deliberate indifference to Petitioner's needs by the prison or its officials."  Rapeika, 2020 WL 2092790, at *2.

The Eighth Amendment's proscription against cruel and unusual punishment also requires that prison officials provide inmates with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-04 (1976).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  Id. at 106.  As previously noted, there are no facts in the complaint that suggest deliberate indifference.  "Thus, even assuming that Petitioner could show a sufficient medical need in light of COVID-19, he has failed to present even a prima facie case for relief, and his habeas petition must therefore be dismissed without prejudice for that reason as well."  Rapeika, 2020 WL 2092790, at *2.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court"

6

unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition for failure to exhaust is correct.

III. CONCLUSION

For the foregoing reasons, the second or successive § 2254 petition is dismissed for failure to exhaust.  An appropriate order will be entered.


Dated: May 27, 2020                    s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

7